UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL THRASHER,

               Plaintiff,

   v.

OFF. LARRY GARLAND, *et al*,

               Defendants.

Case No. C06-5496RBL-KLS

SECOND ORDER TO SHOW CAUSE

      This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon plaintiff's filing of an amended complaint. (Dkt. #15).  After reviewing plaintiff's amended complaint and the balance of the record, the Court finds and orders as follows:

      A complaint is frivolous when it has no arguable basis in law or fact. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 (9th Cir. 1984)).

      Before the Court "may dismiss a *pro se* complaint for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the

ORDER
Page - 1

1  complaint prior to dismissal." McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); see also Noll v.
2  Carlson, 809 F.2d 1446, 1449 (9th Cir. 1987) (district court erred by not notifying *pro se* prisoner litigant
3  of amended complaint's deficiencies and allowing him leave to amend).

4      To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of
5  was committed by a person acting under color of state law and (ii) the conduct deprived a person of a
6  right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor,
7  451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section
8  1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.
9  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

10     Plaintiff also must allege facts showing how individually named defendants caused or personally
11 participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.
12 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory
13 responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58
14 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v.
15 Palches, 665 F.2d 965, 968 (9th Cir. 1982).

16     On October 17, 2006, the Court issued an order finding plaintiff's civil rights complaint to be
17 deficient in that he failed to: (a) allege he was deprived of a right, privilege or immunity secured by the
18 Constitution or laws of the United States; (b) show that the two defendants he named in his complaint,
19 Officer Larry Garland and Supervisor Georgia Harvey, caused or personally participated in causing the
20 harm alleged; and (c) claim that he in fact was harmed by defendants' actions. (Dkt. #8). The Court thus
21 ordered him to file an amended complaint curing, if possible, these deficiencies.

22     On October 26, 2006, the copy of the order to show cause that was sent to plaintiff was returned as
23 undeliverable. (Dkt. #10). Accordingly, the Court directed the Clerk to issue a minute order placing a
24 deadline of December 26, 2006, by which plaintiff was to notify the Court as to his proper address. (Dkt.
25 #12). That order, however, was returned as well. (Dkt. #13).

26     On December 4, 2006, the Court received a letter/motion from plaintiff, requesting he be sent back
27 a copy of his complaint so that he could make the necessary corrections, and indicating a new address for
28 him. (Dkt. #14). On December 12, 2006, plaintiff also filed an amended complaint. In that complaint,
plaintiff appears to have cured the above-noted deficiencies with respect to defendant Garland. He also

ORDER
Page - 2

1  appears to have deleted Ms. Harvey as a named defendant. On the other hand, plaintiff names a third
2  person, Michael Glazier, as a named defendant, but does not set forth any facts showing what connection,
3  if any, Mr. Glazier has in regard to the allegations contained in the amended complaint.

4  Thus, while it is not clear whether plaintiff received the Court's prior order to show cause, he has
5  filed an amended complaint curing the deficiencies found with respect to his original complaint. On the
6  other hand, plaintiff's amended complaint, as indicated above, contains an additional deficiency. That is, in
7  his amended complaint, plaintiff now names a new defendant, but does not set forth any facts, let alone
8  make any claims, regarding his participation, if any, in the alleged harm.

9  Accordingly, due to this deficiency, the Court will not serve the amended complaint. Plaintiff shall
10 file a second amended complaint, curing, if possible, that deficiency, or show cause explaining why this
11 matter should not be dismissed by **no later than January 18, 2007**. The second amended complaint must
12 carry the same case number as this one. If a second amended complaint is not timely filed or if plaintiff
13 fails to adequately address the above noted issue, the Court will recommend dismissal of this action as
14 frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. §
15 1915(g).

16 Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original
17 pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v.
18 Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915
19 (1992). Thus, if plaintiff chooses to file a second amended complaint, the Court will not consider his
20 original complaint or first amended complaint.

21 The Clerk is directed to send plaintiff the appropriate forms so that he may file a second amended
22 complaint. Because plaintiff is being ordered to file a second amended complaint, his request/motion (Dkt.
23 #14) is moot, and therefore hereby is DENIED.

24 DATED this 18th day of December, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3