UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL THRASHER, | Case No. C06-5496RBL-KLS |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| LARRY GARLAND, | Noted for October 12, 2007 |
| Defendant. | |

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the Court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b). (Dkt. #27). Having reviewed defendant's motion, plaintiff's response to that motion, defendant's reply thereto, and the remaining record, the undersigned submits the following report and recommendation for the Honorable Ronald B. Leighton's review.

FACTUAL AND PROCEDURAL BACKGROUND

On December 22, 2006, plaintiff filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983, in which he alleges that his constitutional rights were violated – including his Eighth Amendment right against cruel and unusual punishment and Fourteenth Amendment right to due process – by being forced to clean up hazardous materials while working on a prison work crew. (Dkt. #18). He requests relief in the form of monetary damages. Id. at p. 4. Defendant filed his answer on February 6, 2007 (Dkt. #22), and his motion to dismiss on July 27, 2007. (Dkt. #27).

In his motion to dismiss, defendant argues the second amended complaint should be dismissed on the basis that plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e). Plaintiff argues the PLRA does not apply here, because he was not a prisoner at the time he filed his complaint in this Court, and because there was not a way to file grievances with the Washington State Department of Natural Resources ("DNR").[1]

The first issue that must be addressed concerns the form and timing of defendant's motion. "[T]he PLRA does not impose a pleading requirement" on plaintiff, but rather "creates a defense," with respect to which "defendants have the burden of raising and proving the absence of exhaustion." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because "[t]he failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement," it "is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." Id.; see also Ritza v. International longshoremen's and Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (finding that while no defense described in 12(b)(1) through (7) encompasses failure to exhaust, federal courts traditionally have entertained certain pre-answer motions not expressly provided for by rule, and authority to hear such motions lies in federal court's inherent power to regulate actions pending before it).

The proper motion to bring when asserting failure to exhaust administrative remedies, therefore, is an unenumerated 12(b) motion, which defendant has done here. The question then is when such a motion must be brought. That is, whether, because it is a motion under Fed. R. Civ. P. 12 (b), it should have been brought prior to the filing of the answer. It is clear from the plain language of Fed. R. Civ. P. 12(b) itself that this is so with respect to a motion raising any of the defenses specifically enumerated therein. On the other hand, assertions of failure to exhaust administrative remedies should be treated as being raised in a motion to dismiss, even when raised in a summary judgment motion. See Studio Electrical Technicians Local 728 v. International Photographers of Motion Picture Industries, Local 659, 598 F.2d 551, 552 (9th Cir. 1979). This is because"[s]ummary judgment is on the merits," and failure to exhaust, as a matter in abatement, "ordinarily" does "not deal with the merits." Id.; see also Wyatt, 315 F.3d at 1119; Stauffer Chemical Co. v. Food & Drug Admin., 670 F.2d 106, 108 (9th Cir. 1982).

---

[1] Apparently, an employee of the DNR supervised plaintiff's work crew during the relevant time period. See (Dkt. #27, p. 1, and Dkt. #28, p. 3).

REPORT AND RECOMMENDATION
Page - 2

1   The undersigned finds that in light of the above legal landscape concerning the form and manner
2   of raising and addressing the issue of failure to exhaust administrative remedies, an unenumerated 12(b)
3   motion need not necessarily be brought prior to the filing of the answer.  First, it is fairly clear that, as
4   discussed above, the language of the rule itself places such a time limit only on those defenses specifically
5   enumerated therein.  Second, the Ninth Circuit also has made clear that even when raised in the context of
6   a motion for summary judgment, an assertion of failure to exhaust should be treated by the Court as if it
7   had been made in a motion to dismiss, since it is a matter in abatement and not normally dealt with on the
8   merits.  The undersigned, therefore, finds that defendant's motion has been properly brought.
9   As discussed above, plaintiff has filed a response to defendant's motion, and defendant has replied
10  thereto.  As such, defendant's motion to dismiss is now ripe for review, and the undersigned shall proceed
11  on to address the specific issue of whether plaintiff has failed to exhaust his administrative remedies, and
12  thus whether as a result thereof his complaint should be dismissed.

13                                                          DISCUSSION

14  I.      Standard of Review and Opportunity to Develop the Record

15  The PLRA provides that "[n]o action shall be brought with respect to prison conditions" under 42
16  U.S.C. § 1983 by a prisoner "until such administrative remedies as are available are exhausted." 42
17  U.S.C. § 1997e.  Since passage of this section of the PLRA, "[e]xhaustion is no longer left to the
18  discretion of the district court, but is mandatory." Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378, 2382
19  (2006) (finding prisoners now must exhaust all available remedies); see also Porter v. Nussle, 534 U.S.
20  516, 524 (2002) ("[E]xhaustion in cases covered by § 1997e(a) is now mandatory.").  "Even when the
21  prisoner seeks relief not available in grievance proceedings," furthermore, "exhaustion is a prerequisite"
22  to filing a civil rights action in federal court. Porter, 534 U.S. at 524.
23  Failure to exhaustion such administrative remedies, therefore, requires dismissal of the underlying
24  complaint without prejudice under 42 U.S.C. § 1997e(a). McKinney v. Carey, 311 F.3d 1198, 1199 (9th
25  Cir. 2002); Wyatt, 315 F.3d at 1120 (if district court concludes that prisoner has not exhausted nonjudicial
26  remedies, proper remedy is dismissal of claim without prejudice); see also Perez v. Wisconsin Dep't of
27  Corr., 182 F.3d 532, 535 (7th Cir. 1999) (suit filed by prisoner before administrative remedies have been
28  exhausted must be dismissed; district court lacks discretion to resolve claim on merits, even if prisoner

REPORT AND RECOMMENDATION
Page - 3

1 exhausts intra-prison remedies before judgment).

2 In deciding whether to grant a motion to dismiss for a failure to exhaust administrative remedies,
3 furthermore, the Court "may look beyond the pleadings and decide disputed issues of fact." Wyatt, 315
4 F.3d at 1119-20; see also Ritza, 837 F.2d at 369 (district court has broad discretion as to method to be
5 used in resolving factual disputes arising in connection with jurisdictional or related types of motions,
6 such as matters in abatement; no presumptive truthfulness attaches to plaintiff's allegations, and existence
7 of disputed material facts will not preclude district court from evaluating for itself claims' merits).  If the
8 Court does look beyond the pleadings "to a factual record in deciding the motion to dismiss for failure to
9 exhaust," however, it "must assure" that plaintiff "has fair notice of his opportunity to develop a record."
10 Wyatt, 315 F.3d at 1120 n. 14.  The undersigned finds that plaintiff has had such notice.[2]

11 II.   Plaintiff Has Failed to Exhaust His Administrative Remedies

12 Plaintiff alleges that on or about the months of October to December 2003, he worked as an
13 inmate firefighter for the Cedar Creek Corrections Center ("CCCC"). (Dkt. #18, p. 3).  He further alleges
14 that on several occasions during that period he – along with the rest of the inmate crew he worked with –
15 was forced to clean up hazardous waste sites by defendant or face losing his job, being transferred to
16 another institution, and other administrative punitive action. Id.  Plaintiff claims defendant's actions
17 placed him, as well as the other members of his work crew, in danger in violation of his constitutional
18 rights, including his Eighth Amendment right against cruel and unusual punishment and his Fourteenth
19 Amendment right to due process of the law.

20 Although the events in question occurred in late 2003, plaintiff did not file an initial grievance
21 concerning the hazardous materials clean-up issue until some ten months later on October 12, 2004. (Dkt.
22 #27-2, Exhibit B).  The response to that grievance was provided on October 14, 2004, in which plaintiff
23 was told the issue was not grievable, because it was filed at the Washington Corrections Center ("WCC")
24 rather than with the grievance office at the CCCC where it should have been filed. Id.  Plaintiff did file a
25 grievance at the CCCC on October 20, 2004. Id.  In a response to that grievance provided on October 22,
26 2004,however, plaintiff was told the issue again was not grievable, because he did not file it within five

27
28   [2]As evidence of this, the Court notes plaintiff has submitted a number of exhibits in support of his response and opposition to defendant's motion to dismiss, most, if not all, of which clearly go beyond the pleadings.  Nor has plaintiff voiced any objection or concern in his response that he was not provided with a fair opportunity to develop the record here.

REPORT AND RECOMMENDATION
Page - 4

working days of the incident, and therefore was untimely pursuant to Washington State Department of Corrections ("DOC") policy. Id.

It also appears that plaintiff was "well aware of the grievance system" within the DOC, as he had filed approximately eleven grievances as of late March 2005. Id., Exhibit B, Declaration of Dean Mason ("Mason Declaration"), p. 3, and Grievance Summary for Michael T. Thrasher. With respect to the two grievances that plaintiff filed regarding the hazardous materials cleanup, furthermore, Dean Mason, who has been the DOC's Grievance Program Manager since December 2002, states in his declaration that the grievance procedure available to DOC inmates has four levels of review, and that he is responsible for reviewing grievances appealed to the third level. Id., Mason Declaration, pp. 1-3. Mr. Mason also states that plaintiff did not appeal either of the responses to the two grievances to him, and thus still "had one more level of appeal available to him." Id., p. 4. As such, it seems quite clear that plaintiff did not exhaust all administrative remedies that were available to him.

Indeed, as defendant points out, plaintiff filed a previous civil rights complaint on November 10, 2004, concerning the same hazardous materials cleanup issue, which this Court dismissed for failure to exhaust administrative remedies on July 13, 2005. See Thrasher v. Garland, Cause No. C04-5772FDB, (Dkt. #1, #5-#6, #22 and #27-#28). Specifically, as here, the Court in that case found that while plaintiff had filed eleven grievances, and thus was well aware of the DOC's grievance system, there was nothing to show that he had appealed the two grievances regarding the hazardous materials cleanup issue. Id., (Dkt. #27). Defendant further correctly points out that plaintiff has indicated in his present complaint that he has not filed any grievances concerning the facts relating to his present complaint and that the grievance process has not been completed. (Dkt. #18, p. 2).

In his response to defendant's motion to dismiss, plaintiff first argues that because the PLRA only applies to prisoners who are confined to a correctional facility, and because he was not so confined at the time he filed the current action, he is not subject to the PLRA's exhaustion requirement. The PLRA does provide that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Thus, while it is true that this statutory language applies only to inmates who are

REPORT AND RECOMMENDATION
Page - 5

1 so confined, the time period concerned here is not when the lawsuit is filed, but when the actions that are
2 the subject of the complaint took place. That is, it matters not whether the inmate was confined at the
3 time he or she filed the lawsuit, but whether he or she was confined during the period when those events
4 occurred and administrative remedies were available. Here, there is no valid dispute that plaintiff was
5 confined as an inmate in a DOC facility during the relevant time period.

6 Plaintiff next argues that the DNR does not have grievance procedures for non-prisoners. Again,
7 the issue is what procedures were available to plaintiff during the relevant time period, that is, during the
8 period when he was still a DOC inmate and allegedly forced to clean up hazardous materials, and when
9 administrative remedies were still available to him with respect thereto. Indeed, the record in Thrasher v.
10 Garland, Cause No. C04-5772FDB, shows plaintiff continued to be confined as a DOC inmate through at
11 least July 13, 2005, the date this first action was dismissed. He has offered no explanation as to why he
12 did not further seek to exhaust his administrative remedies anytime prior to that date.

13 In addition, as noted by this Court in the prior matter, while DNR policies and procedures may not
14 have been grievable, it appears plaintiff could have filed a grievance regarding DNR staff conduct. See
15 id., (Dkt. #18, p. 6, #22, p. 3). Finally, the undersigned notes that whether or not grievance procedures
16 are or were available to plaintiff against the DNR is not relevant to the matter at hand, given that plaintiff
17 names only one defendant who is an employee of the DOC, and not the DNR. As such, it is questionable
18 at best whether plaintiff, to the extent that he could do so, would be required to exhaust administrative
19 remedies against the DNR prior to filing his present lawsuit. Accordingly, the undersigned finds plaintiff
20 has not shown why his present complaint, like his prior complaint, should not be dismissed for failure to
21 exhaust all of his administrative remedies.

## CONCLUSION

23 For the aforementioned reasons, the undersigned recommends that the Court GRANT
24 defendant's motion to dismiss plaintiff's complaint. (Dkt. #27). As discussed above, plaintiff has failed
25 to exhaust all available administrative remedies concerning the claims raised therein, and thus his
26 complaint should be dismissed without prejudice.

27 Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the
28 parties shall have ten (10) days from service of this Report and Recommendation to file written

REPORT AND RECOMMENDATION
Page - 6

objections thereto. <u>See also</u> Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **October 12, 2007**, as noted in the caption.

DATED this 18th day of September, 2007.

Karen L. Strombom
United States Magistrate Judge