UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL THRASHER,

        Plaintiff,

v.

LARRY GARLAND,

        Defendant.

Case No.  C06-5496RBL-KLS

ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO MAKE DISCOVERY

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72.  The case is before the Court on plaintiff's filing of a motion for sanctions under Fed. R. Civ. P. 37 for failure to make discovery. (Dkt. #25).   After reviewing plaintiff's motion, defendant's response thereto and the balance of the record, the Court finds and orders as follows:

Plaintiff claims in his motion that defendant failed to provide certain discovery he had requested by the deadline of July 16, 2007, the Court set for completion of discovery. See (Dkt. #23).  Although he is proceeding *pro se* in this matter, plaintiff states that he has incurred "reasonable attorney fees" in the amount of $2,000.00 and additional costs in the amount of $87.00. Id., p. 2.  Defendant responds that in

ORDER
Page - 1

response to plaintiff's discovery requests, defense counsel indicated those requests would be addressed as soon as the Court had the opportunity to rule on defendant's motion to dismiss the complaint for failure to exhaust administrative remedies. (Dkt. #26-#27).

A report and recommendation has been issued on the same date herewith recommending that the Court grant defendant's motion to dismiss. While adoption of that report and recommendation may make discovery moot in this matter, that does not necessarily deal with plaintiff's argument that he is entitled to monetary sanctions for defendant's alleged failure to properly respond to his requests. The undersigned, however, agrees with defendant's assertion that plaintiff has failed to comply with the Fed. R. Civ. P. 37, and, as explained below, on that basis finds his motion should be denied.

Pursuant to Fed. R. Civ. P. 37(a), "[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling . . . discovery." Any motion compelling discovery, however, "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(B); see also Local Rule CR 37(a)(2)(A) (good faith effort to confer requires face-to-face meeting or telephonic conference). Only "[i]f the motion is granted or if the . . . requested discovery is provided after the motion was filed," furthermore, may the moving party be entitled to "the reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. (a)(4)(A). Even then, such expenses will not be granted if:

> [T]he court finds that the motion was filed without the movant's first making a good faith effort to obtain the . . . discovery without court action, or that the opposing party's . . . response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Id.

Here, plaintiff has not provided the required certification that he in good faith either conferred or attempted to confer with defendant in an effort to secure the discovery he sought. Indeed, while plaintiff has filed a motion for sanctions for failure to provide the requested discovery, he has not filed an actual motion to compel such discovery. Accordingly, plaintiff has wholly failed to abide by the requirements of Fed. R. Civ. P. 37 either for filing a motion to compel or for requesting expenses and reasonable attorney fees, and, on that basis, his motion to for sanctions under Fed. R. Civ. P. 37 for failure to make discovery (Dkt. #25) hereby is DENIED.

1     The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendant.

2     DATED this 18th day of September, 2007.

                                                Karen L. Strombom
                                                United States Magistrate Judge